| Newell Coal & Lumber Co. vs. Amelia Francis Simon et al. | Eq. No. 11175. |

April 29, 1932.

BLODGETT, J. Heard upon demurrer to Bill.

Bill alleges that respondent Francis Simon was on May 28, 1928, possessed of certain real estate in East Providence, described in said bill, and that on said date said Francis conveyed said premises to respondent Amelia Francis Simon; that said conveyance was made without consideration; that on May 29, 1928, said Amelia and Fran-

cis executed to the complainant a mortgage for $7,500; that the negotiations leading up to said mortgage were conducted with complainant by respondent Francis; that under the agreement forming the consideration for said mortgage complainant was to furnish material and cash for the construction of a three-family house and store on said land; that complainant has furnished material of the value of $3,401.05 and advanced cash to the amount of $3,772.15, in pursuance of said agreement, which have been used in such erection; that on or about November 29, 1928, complainant demanded payment of the note secured by said mortgage, which payment was refused by said respondent Amelia Francis Simon upon the ground that at the time of making said note by her signed, she was an infant under the age of twenty-one years; that on May 29, 1928, said Amelia was under 21 years of age and became of age October 27, 1931; that said respondent Amelia is still possessed of said land and that neither she nor her husband has paid any part of said note; that on August 26, 1931, complainant received by mail a paper signed by said Amelia disaffirming said mortgage deed and the promissory note signed by her; that at the time of said disaffirmance said Amelia was still an infant under 21 years of age, and that said Amelia has not at any time returned or offered to return the consideration received by her upon said mortgage and note.

The prayer of the bill is that said mortgage may be declared a lien upon said premises for the amounts so advanced by complainant.

Both respondents have demurred to said bill on the ground that the same does not set forth any ground for relief in equity.

There is one allegation in the bill not touched upon in the demurrers, viz.: that the deed made by the husband to the wife was given without any consideration. This conveyance was made on the day previous to the execution of the mortgage. While the bill does not allege that said deed was given in pursuance of a conspiracy between said respondents to render said mortgage null and void as to said respondent Amelia, yet if the deed made without consideration and upon evidence adduced in a hearing upon the merits of the case such deed, viz.: the deed from the husband to the wife, be declared null and void, then the mortgage of the husband could be foreclosed.

As the demurrer admits the fact that the conveyance from the husband to the wife was given without consideration, this would become an issue in a hearing upon the merits of the bill.

In a hearing upon the merits, if the Court should declare the conveyance in question to have been given without consideration and void, the relations of the parties would be entirely changed.

The demurrers are therefore overruled.

For complainant: Swan, Keeney & Smith.

For respondent: Frank H. Bellin.